IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-03268-PAB-NRN

FIDEL A. PENA-GIL,

    Petitioner,

v.

TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,
ROBERT HAGAN,[1] Field Director of the Denver Field Office, and
WARDEN, Aurora Contract Detention Facility,

    Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Fidel A. Pena-Gil's Motion to Enforce [Docket No. 22]. Respondents filed a response. Docket No. 24. Petitioner filed a reply. Docket No. 25.

**I.   PROCEDURAL BACKGROUND**

On October 16, 2025, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2441. Docket No. 1. Petitioner brought a claim for violation of 8 C.F.R. § 212.12 (Count One); a substantive due process claim (Count Two); a claim for violation of the Immigration and Nationality Act (the "INA") (Count Three); a procedural due process claim (Count Four); and a claim for violation of the INA regarding third country removal (Count Five). *See id*. at 10-16. Petitioner requested a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Robert Hagan is automatically substituted as a party in this action.

declaration that his detention violates regulations, the Fifth Amendment of the United States Constitution, and the INA. *See id.* at 16-17. Petitioner requested that the Court preclude respondents from "removing Mr. Pena to a third country without following proper procedures." *Id.* at 17. Petitioner asked that the Court order his release from immigration custody. *Id.* at 16.

On November 24, 2025, the Court granted the petition. Docket No. 17. The Court ordered respondents to release petitioner. *Id.* at 13. The Court denied petitioner's additional requests for relief. *See id.* at 11-13. On December 3, 2025, the Court ordered the parties to file a status report regarding petitioner's custody status. Docket No. 18. On December 5, 2025, the parties filed a status report indicating that petitioner was released from custody on November 25, 2025. Docket No. 19. On December 8, 2025, the Court closed the case and final judgment was entered pursuant to Federal Rule of Civil Procedure 58(a). *See* Docket Nos. 20-21.

After the Court closed the case and final judgment was entered, petitioner filed the instant motion to enforce the Court's November 25 Order, challenging the bond conditions imposed by respondents that are more onerous than the release conditions he was subject to before his June 2025 detention. *See generally* Docket No. 22. In petitioner's motion, he states that, upon his release from immigration custody, Immigration and Customs Enforcement ("ICE") placed him on an order of supervision. *Id.* at 1. Pursuant to the order of supervision, petitioner is required to attend weekly check-ins at the ICE office in Stuart, Florida, permit weekly home visits from ICE, wear an ankle monitor, and not travel outside a "limited area within the state of Florida." *See id.* at 1-2. Petitioner asks that the Court "issue an order requiring that Mr. Pena be

2

returned to conditions of release that were in place prior to his detention in June 2025, i.e., annual check-ins with ICE and no restricted travel, electronic monitoring, or home visits." *Id.* at 2.

## II. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba.  Docket No. 1 at 8, ¶ 30.  In May 1980, petitioner was permitted to enter and temporarily remain in the United States as part of the Mariel Boatlift.  *Id.*  On December 15, 1986, petitioner was convicted of providing false statements in the acquisition of a firearm in the United States District Court for the District of Arizona.  *Id.*, ¶ 31; Docket No. 1-4 at 1.  In December 1987, an immigration judge placed petitioner in exclusion proceedings because he did not possess a valid visa or entry document.  Docket No. 1 at 8, ¶ 31.  Petitioner was released from criminal custody in 1988.  *Id.*, ¶ 32.

After petitioner's release from criminal custody, the Immigration and Naturalization Service ("INS") took petitioner into immigration custody.  *Id.*  In January 1989, an immigration judge ordered petitioner excluded from admission and subject to deportation.  *Id.*, ¶ 33.  The INS Commissioner denied petitioner's request for parole from immigration custody based on petitioner's criminal history.  *Id.*, ¶ 34.  The INS was unable to deport petitioner to Cuba or to a third country; petitioner was released from immigration custody after approximately two years.  *Id.*, ¶ 35.  Between petitioner's release in 1990 and June 2025, petitioner complied with all government directives to report regarding his immigration status.  *Id.*, ¶ 36.  In June 2025, petitioner was placed into immigration custody by the Department of Homeland Security ("DHS").  *Id.*, ¶ 38.

### III. ANALYSIS

Petitioner argues that the additional conditions of release imposed by respondent are improper because the Court "did not order any of these additional conditions upon Mr. Pena's release, and there has never been a finding that he has not complied with any prior terms of release." *See* Docket No. 22 at 2. Respondents argue that they have complied with the Court's order because the Court "did not instruct Respondents to release Petitioner upon the same conditions of release to which Petitioner had previously been subject, nor did the Court address or limit the post-release conditions ICE may impose on Petitioner." *See* Docket No. 24 at 3-4. Respondents contend that the petitioner fails to show that the Court has the authority to review petitioner's conditions of release. *See id.* at 6-8.

The Court first addresses whether it has jurisdiction to consider petitioner's motion to enforce. "[B]ecause a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010). In the November 24 Order, the Court ordered respondents to release petitioner. Docket No. 17 at 13. The Court did not grant any further relief. Petitioner did not request that he be subject to the same conditions of release that existed before his detention in June 2025, and, therefore, the Court did not preclude respondents from deciding the appropriate conditions of release. Petitioner's motion to enforce the Court's order lacks a basis for relief where respondents have complied with the November 24 Order. *See Rahman v. Bondi,* 2025 WL 3158061, at *1 (W.D. Wash. Nov. 12, 2025) (denying petitioner's motion that "seeks enforcement of the Court's July 11 order" because the

4

order "merely require[d] the Government to provide Petitioner with an individualized bond hearing" and, because the government did so, there was "nothing left in the July 11 order to 'enforce'"); *cf. J.M.P. v. Arteta*, 2025 WL 2984913, at *13 (S.D.N.Y. Oct. 23, 2025) (holding that petitioner's motion to enforce the court's order, which granted petitioner an immigration bond hearing, was "properly before this Court because he has not yet been afforded all the relief he requested in his original Petition – that is, release from detention").

Petitioner's cited authority does not support the proposition that the Court can enforce the November 24 Order by reinstating petitioner's conditions of release that existed before June 2025. Rather, the cases cited by petitioner demonstrate that release conditions are subject to challenge in certain circumstances, which are not present here. For instance, petitioner cites *Ramirez Ovando v. Noem*, No. 25-cv-03183-RBJ, ---F. Supp. 3d---, 2025 WL 3293467, (D. Colo. Nov. 25, 2025). Docket No. 22 at 2. *Ramirez Ovando* did not concern a petition for writ of habeas corpus. Rather, the *Ramirez Ovando* plaintiffs filed a putative class action pursuant to the Administrative Procedure Act, alleging that ICE violated 8 U.S.C. § 1357(a)(2) by failing to perform individualized assessments of plaintiffs' flight risk before arresting plaintiffs without a warrant. *See Ramirez Ovando*, 2025 WL 3293467, at *3. Plaintiffs moved to provisionally certify a class and for a preliminary injunction. *See id.* at *4-5. *Ramirez Ovando* issued a preliminary injunction ordering that the plaintiffs be refunded the costs of posting their bonds and that their reporting requirements and other conditions of release be terminated. *See id.* at *23. In doing so, *Ramirez Ovando* noted that "an injunction must be narrowly tailored to remedy the harm shown." *Id.* (quoting *Davoll v.*

5

*Webb*, 955 F. Supp. 110, 113 (D. Colo. 1997)).  Because the *Ramirez Ovando* plaintiffs showed that their "injuries from the warrantless arrest are ongoing," the court found that "they must be returned to their original pre-detention position: to wit, no ankle monitors, or reporting requirements, or other release conditions, and their bonds refunded."  *See id.* at *11.  No such showing was made by petitioner in this case before final judgment entered.  Similarly, in *Menjivar Sanchez v. Wofford,* 2025 WL 3089712, at *9 (E.D. Cal. Nov. 5, 2025), petitioner sought a preliminary injunction, with the court noting that the "purpose of a preliminary injunction is to return the parties to the status quo *ante*, which is not simply any situation before the filing of a lawsuit, but instead the last uncontested status which preceded the pending controversy." (internal quotations, alterations, and citation omitted).  In that context, *Menjivar Sanchez* found that, "for Petitioner to be returned to the status quo prior to the pending controversy, the conditions of release placed on her by the Government must be removed, as Petitioner was not subject to such conditions prior to her arrest and detention."  *Id.*

In the other cases cited by petitioner, petitioners requested specific relief relating to the conditions of their release.  In *Khabazha v. United States Immigr. & Customs Enf't*, 2025 WL 3281514, at *2 (S.D.N.Y. Nov. 25, 2025), the petitioner sought "unconditional release from custody on conditions equivalent to those that existed prior to his June 23, 2025 detention."  In *N- N- v. McShane*, 2025 WL 3143594, at *1-2 (E.D. Pa. Nov. 10, 2025), petitioner filed a § 2241 petition seeking "release from ICE's conditions not imposed in the immigration judge's order" after an immigration judge granted petitioner's release on bond.  In *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 64 (D. Mass. 2025), petitioner petitioned the court "under 28 U.S.C. § 2241 and the Due

6

Process Clause of the Fifth Amendment for relief from conditions set by Immigration and Customs Enforcement ('ICE')."[2]

The Court agrees with petitioner that the release conditions imposed by respondents can "nevertheless render [petitioner] still 'in custody'" for purposes of deciding a § 2241 motion. See Docket No. 25 at 2 (citing *Alvarez v. Holder*, 454 F. App'x 769, 772 (11th Cir. 2011) (rejecting the government's argument that "the district court lacked jurisdiction to hear the constitutional arguments related to Alvarez's conditions of release" because an individual "may seek habeas relief under § 2241 if he is 'in custody' under federal authority, and the Supreme Court has found that the in custody requirement is satisfied where restrictions are placed on a petitioner's freedom of action or movement")). However, the Court disagrees with petitioner that the existence of an order of supervision permits the Court to retain jurisdiction over the petition now that petitioner has been released and final judgment has entered.

In *Hyacinthe v. McAleenan*, 2019 WL 3944442, at *3-4 (S.D. Fla. Aug. 21, 2019), the court found "that Petitioner was released from ICE custody and placed under the Order of Supervision does not allow the Court to maintain jurisdiction over his habeas petition because Petitioner does not challenge the constitutionality of the terms of the Order of Supervision." *Cf. Ali v. Napolitano*, 2013 WL 3929788, at *4 (D. Mass. July 26,

---

[2] For the first time in reply, petitioner cites *Cardin Alvarez v. Rivas*, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part sub nom. Alvarez v. Rivas*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025), which found that the "appropriate relief for an immigration detainee held in violation of their right to due process is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." Docket No. 25 at 3. Setting aside that *Cardin Alvarez* is not binding authority, the court cites no authority for this proposition. *See id.*

7

2013) (holding that cases where courts found that "an alien's habeas challenge was rendered moot by the alien's release from custody under an order of supervision" was not applicable where "the petition does not challenge an ongoing physical detention, but rather challenges the terms of an order of supervision"). *Hyacinthe* distinguished the case before it from *Alvarez*, where the petitioner did challenge the terms of supervision and *Alvarez* held that the order of supervision therefore "amounted to a collateral consequence of petitioner's release that was not moot." *See Hyacinthe,* 2019 WL 3944442, at *3. As in *Hyacinthe*, petitioner here did not challenge the conditions of his release before the entry of final judgment. *See* Docket No. 22.

While petitioner's conditions of his release may be subject to challenge in a separate proceeding, he fails to show that he is entitled to relief in this case through the Court's granting of the motion to enforce. Accordingly, the Court finds that it does not have jurisdiction and will deny petitioner's motion.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Fidel A. Pena-Gil's Motion to Enforce [Docket No. 22] is **DENIED without prejudice** for lack of jurisdiction.

DATED January 5, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge